BETHEL, APPELLANT, *v.* GIEBEL, RESPONDENT.

(No. 7,477.)

(Submitted January 14, 1936. Decided February 1, 1936.)

[55 Pac. (2d) 1287.]

*Messrs. McKenzie & McKenzie,* for Appellant, submitted an original and a reply brief; *Mr. John McKenzie, Jr.,* argued the cause orally.

*Messrs. Miller & Wiley,* for Respondent, submitted a brief; *Mr. C. W. Wiley* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action to recover for the alleged conversion of a Lincoln automobile. Plaintiff, Ollie Bell Bethel, became the owner of the car in the fall of 1926. During the years 1927 and 1928, her husband, Dr. Bethel, was an officer of the Bohi Oil Company, located near Big Sandy, Montana, and was actively engaged in promoting the business of that company. Plaintiff permitted him and other officers of the oil company to use the car in connection with company business.

Defendant, E. Giebel, Sr., owned and operated a garage at Big Sandy. On November 1, 1928, Dr. Bethel placed the car

in storage in defendant's garage; it was agreed that defendant should receive $5 per month for such storage. Pursuant to Bethel's instructions, defendant charged this storage to the Bohi Oil Company. Defendant had no account against either Bethel or plaintiff, and did not know at the time that the car belonged to plaintiff. The car remained in storage until the spring of 1930. At that time the plaintiff, who had previously left Big Sandy, wrote a letter to defendant, stating that she was inclosing a check for $75 to pay for the storage on the car, and that she would come and get it as soon as she could. On June 17, 1930, defendant answered the letter and acknowledged receipt of $75 for storage on the car. He then informed plaintiff that he would not let her take the car until the balance owing to him on the account had been paid, and that, unless this balance ($22.50, at that time) was paid soon, he was going to have the car sold so that he might get his money.

Plaintiff paid nothing further, and the car remained in defendant's possession until August 25, 1931, when one Hawver, an attorney, paid defendant $50 on the account. Plaintiff claims that this payment was made on behalf of the Bohi Oil Company. However, the payment did not completely discharge the bill which defendant then claimed for storage; so he continued to retain possession of the car.

Thereafter plaintiff began this action. In her amended complaint she alleged that she was the owner of the car in question on June 17, 1930, and that, on that date, defendant converted the same to his own use. She alleged that the value of the car at the date of conversion was $4,000. Defendant denied the allegations charging him with conversion, and denied that the car was worth more than $200. The cause was tried to the court sitting with a jury. The jury returned a verdict for defendant, and judgment was entered thereon. Plaintiff's motion for new trial was denied, and she appealed from the judgment.

By her first specification of error, plaintiff contends that the court erred in permitting defendant to testify and introduce evidence to the effect that he held the car at the time of the

alleged conversion under a lien for storage. Plaintiff objected to the introduction of this evidence on the ground that it was not admissible under the pleadings; that defendant in his answer had interposed only a general denial of the allegations of conversion, and had failed to plead an affirmative allegation that he held possession under a claim of lien for storage. Thus plaintiff contends that under a general denial defendant was entitled to show absolute title in himself or in a third person, but that he could not show a special property right, such as a lien, in himself, without first affirmatively pleading it in his answer.

We find no merit in this contention. In order to state a cause of action in conversion, it was necessary for plaintiff to disclose in her complaint that at the time of the alleged conversion she had a general or special ownership in the car, a right to its immediate possession, the value of her interest, and that the acts of defendant by which she was deprived thereof were wrongful. (*Swords* v. *Occident Elevator Co.*, 72 Mont. 189, 232 Pac. 189; *Interstate National Bank* v. *McCormick*, 67 Mont. 80, 214 Pac. 949, 955, 34 A. L. R. 721.) A general denial puts in issue all these allegations, and any evidence which tends to negative any of them is admissible under it. (*Swords* v. *Occident Elevator Co.*, supra.) In Bowers on the Law of Conversion, section 534, it is said: ''A general denial puts in issue the conversion of the goods; so that thereunder the defendant may prove any fact showing or tending to show that there was no conversion.'' Again, in the same work, section 527, the rule is stated as follows: ''Under it [a general denial] the defendant may prove, by any competent evidence, that the title to the goods was in himself, either absolutely, as general owner, * * * or specially, as bailee, or by way of lien; * * * or he may prove facts showing a license, or a subsequent ratification of the taking.'' (See, also, *Eureka Iron & Steel Works* v. *Bresnahan*, 66 Mich. 489, 33 N. W. 834.)

In the light of the foregoing rules, it is manifest that the evidence in question was admissible. In proving that he held

the car by virtue of a lien for storage, defendant was necessarily controverting one of the essential elements of the alleged conversion, viz., that his act of depriving plaintiff of the car was wrongful.

Plaintiff, by her offered instructions 1 and 2, requested the court to instruct the jury that "it appears from the evidence given herein that on the 17th day of June, 1930, plaintiff was the owner and entitled to the possession of the Lincoln automobile in question in this action, and that on or about that date the defendant converted the same"; and that "the only question in this action for you [the jury] to determine is the amount of damages sustained by the plaintiff herein by reason of the conversion of said Lincoln automobile by defendant herein." The court refused these instructions, and instructed the jury instead that "the questions in this action for you to determine, one is the amount of damages sustained by plaintiff herein by reason of the conversion of said Lincoln automobile by the defendant herein, if he did convert the same." Plaintiff predicates error upon the giving of this instruction and the refusal of her offered instructions numbered 1 and 2. She claims that there was no question as to the matter of conversion, that she proved all the elements of conversion, and that there was no competent evidence tending to controvert the proof of that fact.

Plaintiff's position in this regard is untenable; it is based upon the false premise that, under the pleadings, defendant had no rightful claim to the possession of the car by virtue of a lien for storage. As we have already pointed out, defendant did have a right under the pleadings to prove, if he could, that he held the car rightfully because of his lien thereon for storage. He submitted evidence to prove that fact. Plaintiff adduced evidence to show the contrary. Thus the question of whether there was a conversion of the car, as charged by plaintiff, became one of the principal issues to be determined by the jury. It follows that the court was correct in refusing plaintiff's offered instructions 1 and 2, because they assumed the fact of conversion. Likewise it is clear that the instruction

given correctly states the issues to be determined by the jury, viz., whether defendant did wrongfully convert the car to his own use, and, if so, what its value was at the date of conversion.

The court instructed the jury that, if they found from the evidence that plaintiff had permitted her husband to use the car in his business and he had placed the car in storage in defendant's garage, then defendant had a lien thereon for the amount due for storage, and plaintiff could not legally obtain possession of the car before paying or tendering all proper charges against it for storage. It also gave instructions upon the proposition of agency, ostensible agency, and ratification of the acts of an agent. Plaintiff predicates error upon these and various other instructions which were given by the court over her objection. It will not be necessary to discuss separately each of these instructions and the objections lodged against them. In substance they told the jury that, if plaintiff knew in the first instance that her husband was placing the car in defendant's garage for storage and she consented to that act, then defendant would be entitled to hold the car to secure his lien for storage charges; or, if she did not know of that fact in the beginning, still, if she later learned of and assumed the indebtedness by acknowledging and making payment thereon to satisfy defendant's claim for storage charges, then, in that event, defendant would also be entitled to hold the car until his lien thereon for storage had been completely satisfied. This, we believe, was a fair statement of the issues presented by the pleadings and the evidence and the law applicable thereto. While the instructions given are perhaps properly subject to the criticism of being unduly long and involved, nevertheless we find that on the whole they contain a correct statement of the law applicable to the facts and evidence as presented. If any error can be said to exist in the instructions given, it is merely in the nature of superfluous matter contained therein, and not of sufficient gravity to warrant a reversal of the judgment.

There is no merit in plaintiff's suggestion that the evidence is insufficient to justify the verdict. There was evidence from

which the jury might have found that Bethel, in placing the car in storage, was acting as some sort of an agent on behalf of plaintiff, and that the car had been placed in storage with her knowledge and consent. There was also evidence from which they might have found that, although no such agency existed in the beginning, plaintiff had later acknowledged and ratified Bethel's act of placing the car in storage, and that plaintiff had assumed the obligation of paying the storage charges due on the car. In either event, defendant was entitled to a lien on the car for his storage charges, and in retaining the car to secure that lien he was not liable for wrongful conversion thereof. (Sec. 8383, Rev. Codes 1921.) As we have observed, all of these propositions were properly and correctly submitted by the court in its instructions to the jury. Viewing the evidence in the light most favorable to plaintiff, we may say at most the evidence was conflicting on the issues presented. Under such circumstances the jury's verdict will not be disturbed.

A careful study of the entire record and the specifications of error urged fails to reveal any reversible error. Accordingly, the judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied February 20, 1936.